IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DANNIE MOORE, pro se | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV527 |
| | ) | |
| SCOTLAND COUNTY JAIL, et al., | ) | |
| MAJOR GOINS, LISA LOCKLEAR | ) | |
| and UNKNOWN; | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on motions to dismiss by the several Defendants. Included in the motions is the argument of each Defendant that Plaintiff failed to exhaust administrative remedies. Because the court believes that this argument is dispositive, the court will recommend that the motions be granted on that ground alone.

**BACKGROUND**

At the time Plaintiff complains about in his *pro se* Complaint, he was confined as a pre-trial detainee at the Scotland County jail ("jail"). He alleges that the jail and the individual Defendants were deliberately indifferent to his serious medical needs. Specifically, Plaintiff alleges that Defendants ignored his medical complaints and symptoms to the degree that he now suffers from osteomyelitis. Plaintiff seems to allege that this condition is permanent and will likely require radical surgery. Plaintiff

therefore alleges that the delay caused by the deliberate indifference of Defendants aggravated and contributed to his illnesses, in violation of the Fifth, Eighth and Fourteenth Amendments. He seeks an award of millions of dollars in compensatory and punitive damages.

**DISCUSSION**

Exhaustion under the Prison Litigation Reform Act

All Defendants assert that Plaintiff failed to exhaust the administrative remedies available to him at the jail before filing his § 1983 claim, in violation of the requirements of The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Section 1997e's exhaustion requirement is now mandatory. *See Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676-77 (4th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).[1] It is clear, then, that the PLRA requires exhaustion of any administrative remedies that are available to the inmate. *Abney v. McGinnis*, 380 F.3d 663, 667 (2nd Cir. 2004). "To be 'available' under the PLRA, a remedy must afford 'the possibility of some relief for the action complained of.'" *Id.* (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

---

[1] Just this term, the Supreme Court has made it clear that "[p]risoners must now exhaust all 'available' remedies, not just those [as in the past] that meet federal standards." *Woodford v. Ngo*, No. 05-416, 2006 WL 1698937, at *2 (U.S. June 22, 2006). The Court went on to note that exhaustion was required "even where the relief sought - monetary damages - cannot be granted by the administrative process." *Id.*

-2-

The Fourth Circuit has held that the administrative exhaustion requirement is non-jurisdictional and imposes no further pleading burden on the plaintiff. *See Anderson,* 407 F.3d at 683. If non-exhaustion is clear on the face of the complaint, however, the court has authority to dismiss the case *sua sponte*. *Id.* at 681, 683.

Here, Plaintiff filled out by hand a form Complaint provided for the purpose of filing a § 1983 claim. The Complaint contains a section which asked Plaintiff whether he had filed an administrative grievance with the jail and whether he had appealed the grievance to the highest level. Plaintiff marked the "no" box to these questions and wrote "N/A" when asked when he filed a grievance. The form Complaint further asks Plaintiff to explain why a grievance had not been filed if he had answered "no" to the previous questions, and Plaintiff wrote that the jail did not have a grievance procedure but had "only requests, which plaintiff filled out 20-25 requests." (*See* Complaint, p.2)

Despite these allegations, Defendants Goins and the jail attach to their Brief in Support of Motion to Dismiss a copy of a document titled Scotland County Jail Grievance/Due Process Form. All Defendants refer to this form and argue that it is further proof that the jail had a grievance procedure available.

Plaintiff's Complaint facially demonstrates that Plaintiff did not exhaust the administrative remedies available to him, as required by PLRA, and the materials included with the various Defendants' motions support this conclusion. Moreover, to the extent that Plaintiff may argue that he is somehow excused from exhaustion

because he was transferred to the Lumberton Correctional Institute, from which location he filed his Complaint, would be without merit because he clearly had the opportunity to bring a grievance while he was in detention at the jail. *See Santiago v. Meinsen*, 89 F. Supp. 2d 435, 440-41 (S.D.N.Y. 2000) (dismissing action for failure to exhaust where the plaintiff's excuse for not bringing a grievance was his transfer to a different facility three weeks after the incident at issue). Furthermore, even if Plaintiff cannot now exhaust his administrative remedies since he is no longer housed at the jail, the law is well established that there are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . ."); *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003) (stating that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody).

Accordingly, all Defendants' motions for dismissal on the ground of non-exhaustion of administrative remedies should be granted. This action should, therefore, be dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies.[2] Because the dismissal should be without prejudice, this court will refrain from addressing the other motions, although it is noted that with

---

[2] For a discussion of the reasons why a judicial action should be dismissed without prejudice where a plaintiff has failed to administratively exhaust, see *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 475-78 (5th Cir. 1997).

respect to the motions based on deficient service of process, the court has a duty to take efforts to cure improper service in *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(d).

**CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that all Defendants' Motions to Dismiss on the ground of non-exhaustion of administrative remedies be **GRANTED WITHOUT PREJUDICE**. All other motions, including motions from Plaintiff, should be denied as moot.

/s/ Wallace W. Dixon
WALLACE W. DIXON
United States Magistrate Judge

June 26, 2006